# EXHIBIT A

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 2 of 48 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

CHRIS BALABOUS,

                    Plaintiff(s),

    -against-

LOWE'S HOME CENTERS, LLC,

                    Defendant(s).

-------------------------------------------------------------------X

Index No.:

Date Purchased:

**E-FILED SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
231 7th Street
Saint James, NY 11780
County of Suffolk

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
      February 4, 2021

                                   SEAN KELLY
                                   Gruenberg Kelly Della
                                   700 Koehler Avenue
                                   Ronkonkoma, New York 11779
                                   631-737-4110
                                   Our File No. 200234

TO:

LOWE'S HOME CENTERS, LLC
C/o Corporation Service Company
80 State Street
Albany, NY 12207

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 3 of 48 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X
CHRIS BALABOUS,

                      Plaintiff(s),

        -against-

LOWE'S HOME CENTERS, LLC,

                      Defendant(s).

---------------------------------------------------------------------X

Index No.:

**E-FILED VERIFIED
COMPLAINT**

        Plaintiff, by his attorneys, GRUENBERG KELLY DELLA, complaining of the Defendant,

respectfully allege, upon information and belief:

1.      That at all times herein mentioned, plaintiff was, and still is, a resident of the County of

      Suffolk, State of New York.

2.      That the cause of action alleged herein arose in the State of New York, County of Suffolk.

3.      That this action falls within one or more of the exemptions set forth in CPLR §1602.

4.      That at all times hereinafter mentioned and upon information and belief, defendant,

      LOWE'S HOME CENTERS, LLC, was and still is a domestic limited liability company

      organized and existing under and by virtue of the Laws of the State of New York.

5.      That at all times hereinafter mentioned and upon information and belief, defendant,

      LOWE'S HOME CENTERS, LLC, was and still is a foreign limited liability company

      authorized to do business under and by virtue of the Laws of the State of New York.

6.      That at all times hereinafter mentioned and upon information and belief, defendant,

      LOWE'S HOME CENTERS, LLC, was and still is a business authorized to conduct

      business under and by virtue of the Laws of the State of New York.

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 4 of 48 PageID #: 8

7. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, owned the premises located at Lowe's, 2150 Nesconset Highway, Stony Brook, New York 11794.

8. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, leased and/or rented the premises located at Lowe's, 2150 Nesconset Highway, Stony Brook, New York 11794.

9. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, operated the aforesaid premises.

10. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, maintained the aforesaid premises.

11. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, managed the aforesaid premises.

12. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, controlled the aforesaid premises.

13. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, repaired the aforesaid premises.

14. That on May 15, 2020, and at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, inspected the aforesaid premises.

15. That on May 15, 2020, and at all times herein mentioned, an unsafe and hazardous condition existed on or about the aforesaid premises.

16. That at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, caused this unsafe and hazardous condition.

17. That at all times herein mentioned, defendant, LOWE'S HOME CENTERS, LLC, created this unsafe and hazardous condition.

3

18. That upon information and belief, defendant, LOWE'S HOME CENTERS, LLC, had actual notice of this unsafe and hazardous condition.

19. That upon information and belief, defendant, LOWE'S HOME CENTERS, LLC, had constructive notice of this unsafe and hazardous condition.

20. That on May 15, 2020, plaintiff, CHRIS BALABOUS, was lawfully present on or about the aforesaid premises.

21. That on May 15, 2020, plaintiff, CHRIS BALABOUS, was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendants.

22. That on May 15, 2020, while plaintiff, CHRIS BALABOUS, was lawfully present on the aforesaid premises, plaintiff was caused to trip and fall.

23. That on May 15, 2020, plaintiff, CHRIS BALABOUS, was caused to trip and fall due to the abovementioned unsafe and hazardous condition.

24. That as a result of the plaintiff, CHRIS BALABOUS, tripping and falling, plaintiff was caused to sustain severe and permanent injuries.

25. That the above mentioned occurrence and the results thereof were caused by the negligence of the defendant and/or said defendant's customers, servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, repair, inspection and control of the aforesaid premises.

26. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 6 of 48 PageID #: 10

27. That because of the unsafe and hazardous condition that existed at the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

28. That as a result of the foregoing, plaintiff, CHRIS BALABOUS, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
February 4, 2021

Yours, etc.

_____

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 200234

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK            SS.:


_Chris Balabous_            being duly sworn deposes and says:

I am the plaintiff(s) herein;  I have read the annexed

_Summons and Complaint_

and know the contents thereof and the same are true to my knowledge, except for those matters

therein which are stated to be alleged on information and belief, and as to those matters, I believe

them to be true.

X _(signature)_

Sworn to before me this
_4_ day of _February_ 20 _21_

_(signature)_
Notary Public

JACQUELINE M. GAUDINO
COMMISSION EXPIRES
Suffolk County
NOTARY
01WA6232057
DEC. 8, 20 22
PUBLIC
STATE OF NEW YORK

THE STATE OF NEW YORK

SUPREME COURT, SUFFOLK COUNTY

Index No.: 601997/2021

Filed On: 2/4/2021

**CHRIS BALABOUS,**

-against-

**Affidavit of Service
LLC 303**

**LOWE'S HOME CENTERS,LLC.,**

STATE OF NEW YORK, COUNTY OF SUFFOLK: Tim O'Donnell, being duly sworn, deposes and says that deponent is not party to this action, is over 18 years of age and resides in the State of New York.

That on 2/11/2021 at 4:15 PM at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231, your deponent served the NOTICE OF ELECTRONIC FILING, E-FILED SUMMONS AND E-FILED VERIFIED COMPLAINT bearing Index # 601997/2021 and filed date 2/4/2021 upon LOWE'S HOME CENTERS,LLC.,, the intended recipient, by delivering two (2) true copies to Sue Zouky, in the office of the Secretary of State of New York, duly authorized to accept such service on behalf of the intended recipient. At the time of making such service, deponent paid the Secretary of State a fee of $40.

Your deponent describes the person so served to the best of deponent's ability at the time and circumstances of service as follows:

Gender: Female
Skin Color: White
Hair Color: Brown
Approximate Age: 53-57
Approximate Height: 5'2"- 5'4"
Approximate Weight: 140 - 150

During service of the documents, your deponent has adhered to current CDC and NYS Department of Health Guidelines.

Said service was made pursuant to Section 303 of the New York State Limited Liability Law.

Sworn to before me on 2/17/2021:

**ALEX ZAMBRANO**
Notary Public, State of New York
No. 01ZA6184258
Qualified in SUFFOLK County
Commission Expires 03/31/2024

Tim O'Donnell

Gruenberg Kelly Della
700 Koehler Avenue
RONKONKOMA,NY 11779
Phone: (631) 737-4110
File No. 200234



RETURN TO: Nationwide Court Services, Inc
761 Koehler Avenue, Suite A
Ronkonkoma, NY 11779
Ph: 631-981-4400
(NCS780037F)AZ 1056756

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 9 of 48 PageID #: 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _Suffolk_

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Managing Attorney Authorizing Filing Agent Entity)

I, _Sean P. Kelly_____, Esq., ( Attorney Registration No. _779125_ am the managing attorney of/attorney in charge of e-filing for _____ _Greenberg Kelly Della_____ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the New York State Electronic Filing System ("NYSCEF") hereby authorize any employee of _Nationwide Court Services_ who possesses a NYSCEF filing agent ID to file documents on their behalf and at their direction, as a filing agent, in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _2/27/2018_____

_____
Signature

_Sean P. Kelly_____
Print Name

_Ronkonkoma, NY 11779_
City, State and Zip Code

_631 737 4110_
Phone

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 10 of 48 PageID #: 14

Greenberg Kelly Della

**Firm/Department**

SKelly@gknylaw.net

**E-Mail Address**

700 Koehler Ave.

**Street Address**

(6/6/13)

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 11 of 48 PageID #: 15

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

CHRIS BALABOUS,

                        Plaintiff,

v.

LOWE'S HOME CENTER, LLC,

                        Defendant.

**VERIFIED ANSWER**

Index No.: 601997/2021

Defendant, Lowe's Home Centers, LLC ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows, upon information and belief:

1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Verified Complaint.

3.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Verified Complaint.

4.      Lowe's denies the allegations contained in paragraph 4 of the Verified Complaint.

5.      In response to paragraph 5 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 5 of the Verified Complaint.

6.      In response to paragraph 6 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 12 of 48 PageID #: 16

and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 6 of the Verified Complaint.

7.      Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

8.      In response to paragraph 8 of the Verified Complaint, Lowe's states that Lowe's leased the premises located at 2150 Nesconset Highway, Stony Brook, New York, 11794 for the purpose of operating a retail store on the premises, and denies any remaining allegations contained in paragraph 8 of the Verified Complaint.

9.      In response to paragraph 9 of the Verified Complaint, Lowe's states that Lowe's operated a retail store at the premises located at 2150 Nesconset Highway, Stony Brook, New York, 11794, and denies any remaining allegations contained in paragraph 9 of the Verified Complaint.

10.     Lowe's denies the allegations contained in paragraph 10 of the Verified Complaint.

11.     Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

29333515.v1

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 13 of 48 PageID #: 17

15.     Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Lowe's denies the allegations contained in paragraph 17 of the Verified Complaint.

18.     Lowe's denies the allegations contained in paragraph 18 of the Verified Complaint.

19.     Lowe's denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Verified Complaint.

21.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Verified Complaint.

22.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Verified Complaint.

23.     Lowe's denies the allegations contained in paragraph 23 of the Verified Complaint.

24.     Lowe's denies the allegations contained in paragraph 24 of the Verified Complaint.

25.     Lowe's denies the allegations contained in paragraph 25 of the Verified Complaint.

3

Case 2:21-cv-02222-GRB-AYS  Document 1-1  Filed 04/22/21  Page 14 of 48 PageID #: 18

26.     Lowe's denies the allegations contained in paragraph 26 of the Verified Complaint.

27.     Lowe's denies the allegations contained in paragraph 27 of the Verified Complaint.

28.     Lowe's denies the allegations contained in paragraph 28 of the Verified Complaint.

29.     Lowe's denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

30.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

31.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

32.     The Verified Complaint fails to state a cause of action against Lowe's.

4

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

33.     The plaintiff's injuries, if any, were caused in whole or in part by a person or

persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

34.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's

is entitled to a set off against the amount of any verdict of any monies collected from a collateral

source of payment.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

35.     Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

36.     The underlying incident and alleged resulting injuries were not proximately

caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

37.     Plaintiff was the sole proximate cause of the alleged incident and his alleged

injuries.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

38.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's,

then said verdict or judgment must exclude or be reduced by those amounts which have been, or

will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past

Case 2:21-cv-02222-GRB-AYS  Document 1-1  Filed 04/22/21  Page 16 of 48 PageID #: 20

or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

39.     If the plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

40.     Any risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

41.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the Plaintiff.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

42.     Documentary evidence provides a complete defense to plaintiff's claims.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

43.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

6

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 17 of 48 PageID #: 21

**WHEREFORE**, Lowe's demands judgment as follows:

      a.      Dismissing plaintiff's Verified Complaint, or

      b.      Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the plaintiff's damages;

      c.      Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

      d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
       March 12, 2021

                                   GOLDBERG SEGALLA LLP

                                   Kenneth L. Bostick, Jr., Esq.
                                   *Attorney for Defendant*
                                   *Lowe's Home Centers, LLC*
                                   665 Main Street
                                   Buffalo, New York 14203
                                   (716) 566-5400

TO:    Glenn Auletta, Esq.
       Gruenberg Kelly Della
       *Attorneys for Plaintiff*
       700 Koehler Avenue
       Ronkonkoma, New York 11779
       (631) 737-4110

29333515.v1

7

## ATTORNEY VERIFICATION

STATE OF NEW YORK   )
COUNTY OF ERIE      ) ss:

      Kenneth L. Bostick, Jr., Esq, being sworn, deposes and says:

      1.    I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC ("Lowe's") in this matter.

      2.    I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

      3.    The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Suffolk, where this action is venued.

                                 Kenneth L. Bostick, Jr.

Sworn to before me this
12th day of March, 2021.

Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21

29333515.v1

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 19 of 48 PageID #: 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK                                    Index No.: 601997/2021
-------------------------------------------------------------------X
CHRIS BALABOUS,                                     REQUEST FOR
                                                   PRELIMINARY
                          Plaintiff(s),            CONFERENCE

          -against-

LOWE'S HOME CENTERS, LLC,

                          Defendant(s).
-------------------------------------------------------------------X
The undersigned requests a Preliminary Conference.

The nature of the action is PERSONAL INJURY.

The name, addresses and telephone numbers of all attorneys appearing in the action are as
follows:

Gruenberg Kelly Della
Attorneys for Plaintiff(s)
CHRIS BALABOUS
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110

Goldberg Segalla, LLP
Attorney for Defendant(s)
LOWE'S HOME CENTERS, LLC
200 Garden City Plaza
Suite 520
Garden City, NY 11530
(516) 281-9800


Dated:        Ronkonkoma, New York
              March 18, 2021

                                          Yours, etc.

                                          Glenn Auletta, Esq.
                                          Gruenberg Kelly Della
                                          Attorneys for Plaintiff(s)
                                          CHRIS BALABOUS

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 20 of 48 PageID #: 24

700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 200234

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

### Suffolk Supreme COURT, COUNTY OF Suffolk

Index No: 601997/2021        Date Index Issued: 02/04/2021

| | **For Court Use Only:** |
|---|---|

**CAPTION**        Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

CHRIS BALABOUS

| | **IAS Entry Date** |
|---|---|

-against-

LOWE'S HOME CENTERS, LLC

Plaintiff(s)/Petitioner(s)

| | **Judge Assigned** |
|---|---|
| | **RJI Filed Date** |

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**

- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**REAL PROPERTY:**        Specify how many properties the application includes: _____

- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial
  Property Address: _____

  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.

- ☐ Tax Certiorari - Section:        Block:        Lot:
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**

- ☐ Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**

- ☐ Contested

  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.

  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.

**TORTS**

- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☒ Other Negligence (specify):  Trip & Fall
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**

- ☐ CPLR Article 75 (Arbitration)    [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING:**        Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: 02/04/2021 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: 02/11/2021 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:**        Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice        Date Issue Joined: _____
- ☐ Notice of Motion        Relief Requested: _____        Return Date: _____
- ☐ Notice of Petition        Relief Requested: _____        Return Date: _____
- ☐ Order to Show Cause        Relief Requested: _____        Return Date: _____
- ☐ Other Ex Parte Application        Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 22 of 48 PageID #: 26

| **RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | | |
|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| **PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | | |
|---|---|---|---|---|
| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: BALABOUS, CHRIS<br><br>Role(s): Plaintiff/Petitioner | SEAN KELLY, GRUENBERG KELLY DELLA, 700 KOEHLER AVENUE , RONKONKOMA, NY 11779, 631-737-4110, info@gknylaw.net | ☒ YES ☐ NO | n/a - plaintiff |
| ☐ | Name: LOWE'S HOME CENTERS, LLC<br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY 14203, kbostick@goldbergsegalla.com | ☒ YES ☐ NO | Lowe's Risk Management |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:   03/18/2021

_____          _____
                                    SEAN PATRICK KELLY
                                    Signature

_____          _____
2791275                             SEAN PATRICK KELLY
Attorney Registration Number        Print Name

*This form was generated by NYSCEF*

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 23 of 48 PageID #: 27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

CHRIS BALABOUS,

                        Plaintiff(s),

        -against-

LOWE'S HOME CENTERS, LLC,

                       Defendant(s).

-------------------------------------------------------------------X

Index No.: 601997/2021

VERIFIED BILL OF
<u>PARTICULARS</u>

      Plaintiff, by his attorneys, GRUENBERG KELLY DELLA, responding to the demands of Defendant(s) **LOWE'S HOME CENTERS, LLC** for a Verified Bill of Particulars, allege(s), upon information and belief:

1.    Plaintiff, **Chris Balabous**, is not known by any other name.

2.    Plaintiff, **CHRIS BALABOUS**, currently resides at 231 7th Street, Saint James, NY 11780 and, at the time of the accident herein, resided at the same address.

3.    Plaintiff, **CHRIS BALABOUS**, was born on ███████ with a social security number of ███████.

4.    The occurrence complained of took place on May 15, 2020 at or about 6:30PM.

5.    The occurrence complained of took place at Lowe's, 2150 Nesconset Highway, Stony Brook, New York 11794.

6.    Objected to as an interrogatory and an improper demand for a Bill of Particulars.

7.    Objected to as an interrogatory and an improper demand for a Bill of Particulars.

1

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 24 of 48 PageID #: 28

8.     The Defendant(s), its agents, servants and/or employees were negligent, careless and reckless, in causing, permitting and allowing push carts, become and remain in a defective, dangerous and trap-like condition, failing to have visual markings or other visual cues of the low push cart(s); In allowing the dangerous and defective condition then and there existing; in failing and neglecting to take reasonable protective measures for the protection of the customers to permit to ability to see and observe; in failing and neglecting to lawfully, adequately, properly and illuminate the push carts; negligently, carelessly and recklessly causing, permitting and allowing said push carts, become and remain improperly unsafe to the visual inspection and failed to take proactive steps to insure visibility of the push carts; in failing and neglecting to provide the Plaintiff **CHRIS BALABOUS** with a safe and unobstructed place to walk.

9.     The Court will take judicial notice of such rules, regulations, statutes and ordinances that the defendant may have violated and demand for statutes, regulations, ordinances and rules is an improper demand for a bill of particulars in that plaintiff(s) in their complaint did not allege violations of statutes, regulations, ordinances and/or rules and therefore are not required to particularize such. (Liga v. Long Island Rail Road, 129 A.D.2d 566, 514 N.Y.S.2d 61 [2nd Dept. 1987]; *see also* Langella v. D'Agostino Supermarket, Inc., 122 Misc. 2d 708, 471 N.Y.S.2d 454 [Special Term, Kings County 1983] and Sobel v. Midchester Jewish Center, 52 A.D.2d 944; 383 N.Y.S.2d 635 [2nd Dept. 1976]).  Plaintiff reserves the right to amend said response.

10.    As a result of the occurrence, Plaintiff, **CHRIS BALABOUS**, sustained the following personal injuries, all of which are alleged to be of a permanent nature:

2

a. Mildly comminuted, impacted fracture of posterior lateral surface of lateral tibial plateau with up to one CM depression of at the peripheral margin with step-off at articular surface as per CT Scan of right knee performed on June 9, 2020;
b. Small joint effusion as per CT Scan of right knee performed on June 9, 2020;
c. 5.5 cm long popliteal cyst as per CT Scan of right knee performed on June 9, 2020;
d. Underwent a series of intra-articular cortisone injections to right knee;
e. Pain, weakness, numbness and tingling to right knee/leg;
f. Loss range of motion to right knee/leg;
g. Pain, weakness, numbness and tingling to lower back;
h. Loss range of motion to lower back;

All of the aforementioned injuries, resulting disabilities, aggravations, exacerbations and involvements are associated with further soft tissue injuries to the areas traumatically affected, including: fracture, tearing, derangement and damage to the associated muscle groups, ligaments, tendons, cartilage, blood, tissue, epithelial tissue, all concomitant to the specific injuries and related to the specific portions of the body mentioned hereinabove, with resultant scars, hemorrhage, pain, ecchymosis, deformity and disability; stiffness, tenderness, weakness and partial restriction and limitation of motion, pain on motion and loss of use of the abovementioned parts; all of which have substantially prevented the Plaintiff from enjoying the normal fruits of social activities. The Plaintiff reserves the right to prove any and all further consequences and any and all further medical expenses up to and at the time of trial.

Upon information and belief, all of the above injuries are permanent and continuing in nature, except for objective signs of contusions and abrasions.

All of the injuries and conditions caused and/or contributed to the Plaintiff living a lesser quality of life, including loss of enjoyment of life than the Plaintiff would otherwise have experienced, but for the injuries and conditions alleged herein.

The Plaintiff suffered, still suffers, and upon information and belief will continue to

3

FILED: SUFFOLK COUNTY CLERK 03/25/2021 04:12 PM INDEX NO. 601997/2021

NYSCEF DOC. NO. 7    Case 2:21-cv-02222-GRB-AYS    Document 1-1    Filed 04/22/21    Page 26 of 48 PageID #: 30    RECEIVED NYSCEF: 03/25/2021

suffer pain, discomfort and limited movement of the injured portions of his body,

including the adjacent and surrounding muscles, tendons, nerves, joints, fascia, vessels

and soft tissues.

11.    Objected to as an interrogatory and an improper demand for a Bill of Particulars.

12.    Listed below are the names and addresses of the physicians who currently and/or

previously treated or examined plaintiff, **CHRIS BALABOUS**:

Advanced Specialty Care
500 Commack Road
Suite 103
Commack, NY 11725

Stony Brook Medicine Outpatient Imaging Center
3 Edmund D. Pellegrino Road
Stony Brook, NY 11794

Stony Brook Orthopaedic Associates
14 Technology Drive
Suite 11
East Setauket, NY 11733

Zwanger Pesiri Radiology
987 West Jericho Turnpike
Smithtown, NY 11787

13.    See paragraph 10.

14.    See paragraph 10.

15.    See paragraph 10.

16.    Plaintiff, **CHRIS BALABOUS**, was not confined to the hospital a result of the occurrence.

Plaintiff, **CHRIS BALABOUS**, was not confined to bed following the accident.

Plaintiff, **CHRIS BALABOUS**, was confined to the home for two (2) weeks following the

accident.

4

17.    a. As a result of the occurrence, Plaintiff, **CHRIS BALABOUS**, was totally disabled for a

period of two (2) weeks, and has been partially and intermittently disabled to date.

b. See paragraph a.

c. Plaintiff(s) are not currently making a claim for lost wages but reserve the right to do so

in the future if the need arises.

d. Not applicable.

18.    Plaintiff(s) are not currently making a claim for lost wages but reserve the right to do so in

the future if the need arises.

19.    Not applicable.

20.    Plaintiff, **CHRIS BALABOUS**, has incurred the following special damages:

| | |
|---|---|
| Physicians' Services: | $3,944.00 and continuing; |
| Medical Supplies: | Inclusive in Physicians' Services; |
| Lost Earnings: | To be provided, if applicable. |
| X-Ray/Radiological Services: | Inclusive in Physicians' Services; |
| Hospital Expenses: | Inclusive in Physicians' Services; |
| Nursing Services: | Inclusive in Physicians' Services; |
| Other Expenses: | To be provided, if applicable. |

**PLEASE TAKE NOTICE** that Plaintiff(s) reserve(s) the right to serve further,

supplemental and/or amended Bills of Particular up to the time of trial.

Dated:       Ronkonkoma, New York
             March 22, 2021

Yours, etc.

GLENN AULETTA, ESQ.

5

Gruenberg Kelly Della
Attorney(s) for Plaintiff(s)
Chris Balabous
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 200234

TO:

    Goldberg Segalla, LLP
For Defendant LOWE'S HOME CENTERS, LLC
200 Garden City Plaza, Suite 520
Garden City, NY 11530
(516) 281-9800

6

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK               SS.:

Chris Balabous _____ being duly sworn deposes and says:

I am the plaintiff(s) herein;  I have read the annexed

verified Bill of Particulars _____

and know the contents thereof and the same are true to my knowledge, except for those matters

therein which are stated to be alleged on information and belief, and as to those matters, I believe

them to be true.

x _____

Sworn to before me this
___ day of ___ mar, 20 21

_____
Notary Public

AMANDA BONKOSKI
COMMISSION EXPIRES
SUFFOLK COUNTY
NOTARY
PUBLIC
01BO63760
JUNE 4, 2
STATE OF NEW YORK

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK

                                   SS.:

COUNTY OF SUFFOLK

        Amanda Bonkoski, being duly sworn, deposes and says:

        I am not a party to the within action, am over 18 years of age, and reside at 105 Rollstone Avenue, West Sayville, NY 11796.

        On March 22, 2021, I served a true copy of the annexed VERIFIED BILL OF PARTICULARS by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Goldberg Segalla, LLP
Attorney for Defendant(s)
LOWE'S HOME CENTERS, LLC
200 Garden City Plaza
Suite 520
Garden City, NY 11530
(516) 281-9800

                                               **Amanda Bonkoski**

Sworn to before me March 22, 2021

_____
Notary Public

FRANCES IVETTE JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JO6412249
Qualified in SUFFOLK County
Commission Expires 12/21/20 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------------X

CHRIS BALABOUS,

                          Plaintiff(s),

          -against-

LOWE'S HOME CENTERS, LLC,

                          Defendant(s).

--------------------------------------------------------------------X

RESPONSE TO
DEFENDANT'S
COMBINED DEMANDS

Index No.: 601997/2021

Plaintiff(s), by his attorneys, GRUENBERG KELLY DELLA, as and for a response to

Defendant **LOWE'S HOME CENTERS, LLC**, Combined Demands dated March 12, 2021,

allege(s) upon information and belief, as follows:

RESPONSE TO DEMAND FOR INCOME TAX RETURNS TO PLAINTIFF

Plaintiff objects to providing authorizations for Income Tax Records in that said demand is

overly broad, unduly burdensome, irrelevant and the same may contain information that is

private, privileged and otherwise irrelevant herein. Additionally, "tax returns are generally not

discoverable in the absence of a strong showing that the information is indispensable to the claim

and cannot be obtained from other sources" (Pugliese v. Mondello, 871 N.Y.S.2d 174; 57

A.D.3d 637 [2nd Dept. 2008] *citing* Latture v Smith, 304 AD2d 534, 536, 758 N.Y.S.2d 135 [2nd

Dept. 2003]; Benfeld v. Fleming Props., LLC, 304 AD2d 534 506 [2nd Dept. 2003]; Altidor v

State-Wide Ins. Co., 22 AD3d 435, 801 N.Y.S.2d 545 [2nd Dept. 2007]). "It was an improvident

exercise of discretion to compel disclosure of the defendant's tax returns. Because of their

confidential and private nature, disclosure of tax returns is disfavored (Matthews Indus. Piping

Co. v Mobil Oil Corp., 114 AD2d 772 [1st Dept 1985]). The party seeking disclosure must make

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 32 of 48 PageID #: 36

a strong showing of necessity (Lukowsky v Shalit, 160 AD2d 641 [1st Dept 1990]) and

demonstrate that the information contained in the returns is unavailable from other sources"

(Gordon v. Grossman, 183 AD2d 669, 670 [1st Dept. 1992] *citing* Matthews Indus. Piping Co. v

Mobil Oil Corp., *supra*; Briton v Knott Hotels Corp., 111 AD2d 62 [1st Dept. 1985]).

RESPONSE TO DEMAND FOR MEDICAR/MEDICAID LIEN INFORMATION TO

PLAINTIFF

Plaintiff Chris Balabous was born on ███████ with a social security number of ███████.

A Consent to Release is attached. Plaintiff Chris Balabous, is not currently a Medicaid recipient.

RESPONSE TO DEMAND PURSUANT TO CPLR 3107(e)

Plaintiff(s) is/are claiming total damages not to exceed $5,000,000.00.

RESPONSE TO DEMAND FOR STATEMENTS, WITNESSES, PHOTOGRAPHS, REPORTS

AND MEDICAL RECORDS TO PLAINTIFF

1. Plaintiff(s) is not in possession of any adverse party statements; however, plaintiff(s)

   reserves the right to supplement said response.

2. Listed below are the names and addresses of the physicians who currently and/or

   previously treated or examined plaintiff, **CHRIS BALABOUS**:

   Advanced Specialty Care
   500 Commack Road
   Suite 103
   Commack, NY 11725

   Stony Brook Medicine Outpatient Imaging Center
   3 Edmund D. Pellegrino Road
   Stony Brook, NY 11794

   Stony Brook Orthopaedic Associates
   14 Technology Drive
   Suite 11

2

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 33 of 48 PageID #: 37

East Setauket, NY 11733

Zwanger Pesiri Radiology
987 West Jericho Turnpike
Smithtown, NY 11787

Authorizations are attached.

3. See paragraph 2.

4. Plaintiff(s) is/are not aware of any witnesses at this time; however, plaintiff(s) reserve the right to amend this response should any information become available and call any and all fact witnesses pursuant to case law.

Plaintiff(s) have not yet retained the services of an Expert Witness; however, Plaintiff(s) reserve the right to do so and to supplement said response in the future pursuant to the CPLR.

5. Plaintiff(s) is/are not currently in possession of said photographs; however, Plaintiff(s) reserve the right to provide the same should any become available.

6. See paragraph 5.

7. Plaintiff(s) is/are not currently in possession of any such documents; however, Plaintiff(s) reserve the right to provide the same should such documents be made available.

8. See paragraph 5.

9. Objection; overly broad, unduly burdensome, and irrelevant.

10. Objection; overly broad, unduly burdensome, and irrelevant, and said demand is not yet ripe.

11. Plaintiff(s) is/are not currently in possession of any such documents; however, Plaintiff(s) reserve the right to provide the same should such documents be made available.

3

12. Objected to as an interrogatory and an improper demand.

13. Objected to as an interrogatory and an improper demand.

14. To be provided, if applicable.

15. Plaintiff(s) is/are not presently asserting a claim for loss of income.

16. Plaintiff(s) did not prepare a written report in the regular course of business operation or practice concerning this accident.

17. Plaintiff(s) is not in possession of any adverse party statements; however, plaintiff(s) reserves the right to supplement said response.

18. Plaintiff(s) is not in possession of any adverse party statements; however, plaintiff(s) reserves the right to supplement said response.

19. Objected to as Interrogatory and as an Improper Demand.

20. See paragraph 2.

RESPONSE TO DEMAND FOR COLLATERAL SOURCES

Plaintiff **Chris Balabous**'s medical expenses were partially and/or fully paid for by Medicare Secondary Payer Recovery Center located at P.O. Box 138832, Oklahoma City, OK 73113.

An authorization is attached.

Dated: Ronkonkoma, New York
March 22, 2021

Yours etc.,

Glenn Auletta, Esq.
Gruenberg Kelly Della
Attorneys for Plaintiff(s)
700 Koehler Avenue

4

Ronkonkoma, NY 11779
631-737-4110


TO:    Ken bostick
        Goldberg Segalla, LLP
        Attorney for Defendant(s)
        LOWE'S HOME CENTERS, LLC
        200 Garden City Plaza
        Suite 520
        Garden City, NY 11530
        (516) 281-9800

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK

SS.:

COUNTY OF SUFFOLK

Amanda Bonkoski, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age, and reside at 105 Rollstone Avenue, West Sayville, NY 11796.

On March 22, 2021, I served a true copy of the annexed RESPONSE TO DEFENDANT'S COMBINED DEMANDS by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Goldberg Segalla, LLP
Attorney for Defendant(s)
LOWE'S HOME CENTERS, LLC
200 Garden City Plaza
Suite 520
Garden City, NY 11530
(516) 281-9800

**Amanda Bonkoski**

Sworn to before me March 22, 2021

Notary Public

FRANCES IVETTE JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JO6412249
Qualified in SUFFOLK County
Commission Expires 12/21/202_4

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 37 of 48 PageID #: 41

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------X
CHRIS BALABOUS,

                    Plaintiff(s),

      -against-

LOWE'S HOME CENTERS, LLC,

                    Defendant(s).
--------------------------------------------------------------------X

Index No.: 601997/2021

**COMBINED DEMANDS**

COUNSELORS:

    **PLEASE TAKE NOTICE**, that plaintiff(s), by their attorneys **GRUENBERG**

**KELLY DELLA**, hereby make the following demands upon LOWE'S HOME CENTERS, LLC:

1.    DEMAND FOR WITNESSES:

    a.  Set forth, in writing, the names and addresses of all eyewitnesses to the occurrence and/or condition which gives rise to this lawsuit.

    b.  Set forth, in writing, the names and addresses of all witnesses known to have firsthand knowledge of the occurrence and/or condition which gives rise to this lawsuit.

    c.  Set forth, in writing, the names and address of all fact witness to the condition resulting in the subject accident.

    d.  Set forth, in writing, the names and address of all fact witness that the defendant(s) intend to call on the issue of the plaintiff's claimed damages.

2.    DEMAND FOR STATEMENTS:

    a.  Copies of any and all statements, whether signed or unsigned, electronically recorded and transcribed and/or oral, taken of the plaintiff(s).

    b.  Copies of any and all statements, whether signed or unsigned, electronically recorded and transcribed and/or oral, taken of any party in this action.

1

     c.  Copies of any and all non-privileged emails, text messages, Facebook messages and Tweets from any party to this action, which relates to the action.

3.    DEMAND FOR PHOTOGRAPHS/VIDEOTAPE:

     a.  All films, videotapes and audiotapes, including transcripts of memoranda thereof, and color reproductions of all photographs taken of the scene of the accident, and accident which is in your possession, custody or control, or in the possession or under the control of the defendant, its agents, servants and/or employees. This demand is being made pursuant to CPLR §3101(i) and the case and the case law related thereto.

     b.  All films, videotapes and audiotapes, including transcripts of memoranda thereof, and color reproduction of all photographs or other photographic depiction taken or depicting the plaintiff(s) prior to or after the subject occurrence giving rise to this lawsuit which is or becomes in your possession, custody or control or in possession or under the control of the defendant, its agents, servants and/or employees. This demand is being made pursuant to CPLR §3101(i) and the case law related thereto.

     c.  All videos, films, and tapes which depict the occurrence alleged in the complaint.

4.    DEMAND FOR ACCIDENT REPORT:

     a.  A complete and unredacted copy of the contents of each and every accident report prepared by the defendant, its agents, servants and/or employees in the regular course of business operations or practices pertaining to the occurrence which gives rise to this lawsuit. This demand is being made pursuant to CPLR §3101(g) and the case law related thereto.

5.    DEMAND FOR ALL INSURANCE POLICIES:

     a.  The complete original or certified true copy of the entire original primary and excess (if any) insurance policies which afforded coverage to the defendant(s) for the claims made by the plaintiff(s) herein.

     b.  A sworn statement by a person with <u>ACTUAL</u> knowledge of the facts setting forth the number of claims made against defendant(s) during the applicable policy period and the amount sought in each such claim.

     c.  A sworn statement by a person with <u>ACTUAL</u> knowledge of the total sums paid out against all of the foregoing policies (both primary and excess, if any).

6.    DEMAND FOR EXPERT INFORMATION:

     a.  The name(s) of each person(s) expected to be called upon to testify as an expert

witnesses at the trial of this matter.

b. The qualifications of each such person to testify as an expert witness.

c. The subject matter, in reasonable detail, upon which each such person is expected to testify as an expert witness.

d. The facts and opinions upon which each such expert witness is expected to testify.

e. A summary of the grounds of each such opinion.

7. DEMAND FOR ISO AND CIB SEARCH RESULTS

a. Copies of any and all ISO or CIB searches and their results as they relate to this plaintiff.

8. OTHER DEMANDS

a. Copies of any and all medical records in the possession of the defendant(s), their representatives and/or attorneys, pertaining to the care, treatment, diagnosis or prognosis of the plaintiff(s), including but not limited to, diagnostic film reviews, independent medical examination reports, narrative reports and office notes.

b. Copies of each and every report, review, memo, or other writing memorializing the review of any MRI, X-ray or other radiological film of the plaintiff reviewed by a radiologist or other medical doctor on behalf of the defendant or its representatives. Said demand is made regardless of whether defendant discloses said film review and/or radiologist to be used at the time of trial.

c. Copy of all policies and procedures in effect on 5/15/2020 regarding safety policies and procedures regarding carts for materials;

d. Name of all prior litigation (case name and index number) with defendant regarding customer(s) trip/fall over cart(s);

e. Complete copy of all minutes, reports, logs or similar documents for all employee safety meetings for a period of one (1) year prior to the date of the accident;

f. Copy of any and all prior written, including electronic correspondence, customer complaint(s) regarding tripping over cart(s) due to lack of ability to see/discern from the floor;

**PLEASE TAKE FURTHER NOTICE**, that the above discovery and inspection shall take place at the offices of the undersigned at 9:30 o'clock in the forenoon of April 21, 2021. In lieu of appearing at the offices of the undersigned, the requested information can be furnished, by mail, prior to the return date hereof.

**PLEASE TAKE FURTHER NOTICE**, that if defendant(s) has no information with respect to a particular demand, a statement to that effect, in writing, is required.

**PLEASE TAKE FURTHER NOTICE**, that this demand is continuing and in the event defendant(s) attempts to introduce, at the time of trial, any information requested herein without having heretofore provided same to plaintiff(s)'s counsel, plaintiff(s) will object to the use thereof on the grounds of surprise.

Dated:          Ronkonkoma, New York
                March 22, 2021

                                    Yours, etc.,

                                    **Glenn Auletta, Esq.**
                                    **Gruenberg Kelly Della**
                                    Attorneys for Plaintiff(s)
                                    700 Koehler Avenue
                                    Ronkonkoma, NY 11779
                                    631-737-4110

TO:     Goldberg Segalla, LLP
        200 Garden City Plaza
        Suite 520
        Garden City, NY 11530

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 41 of 48 PageID #: 45

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X   Index No.: 601997/2021

CHRIS BALABOUS,

                          Plaintiff(s),

        -against-

LOWE'S HOME CENTERS, LLC,

                          Defendant(s).

-----------------------------------------------------------------------X

**NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMISSION**

COUNSELORS:

       **PLEASE TAKE NOTICE** that this office will not accept service of papers by facsimile transmittal pursuant to CPLR§2103(b)(5), or any other electronic methods pursuant to CPLR §2103(b)(7), except NYSCEF e-filing.

Dated:     Ronkonkoma, New York
            March 22, 2021

                                  Yours, etc.,

                                  **Glenn Auletta, Esq.**
                                  **Gruenberg Kelly Della**
                                  Attorneys for Plaintiff(s)
                                  700 Koehler Avenue
                                  Ronkonkoma, NY 11779
                                  631-737-4110

TO:    Goldberg Segalla, LLP
       200 Garden City Plaza
       Suite 520
       Garden City, NY 11530

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 42 of 48 PageID #: 46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X     Index No.: 601997/2021

CHRIS BALABOUS,

                                    Plaintiff(s),                             **DEMAND FOR A BILL OF**
                                                                              **PARTICULARS AS TO**
            -against-                                                         **AFFIRMATIVE DEFENSES**

LOWE'S HOME CENTERS, LLC,

                                    Defendant(s).
------------------------------------------------------------------------X

COUNSELORS:

        **PLEASE TAKE NOTICE**, that pursuant to §§3041, 3042, 3043 and 3044 of the Civil

Practice Law and Rules, defendant(s) is hereby required to serve a Verified Bill of Particulars,

within ten (10) days from this date, setting forth the particulars of the affirmative defenses herein:

1.      As to the affirmative defense (alleging culpable conduct of the plaintiff), set forth:

        a.   The date, time, and place where each act and/or omission constituting the alleged
             culpable conduct took place;

        b.   A statement describing each act allegedly constituting culpable conduct of the
             plaintiff;

        c.   A statement describing each omission alleging culpable conduct of the plaintiff;

        d.   If the defendant claims that the plaintiff failed to follow medical instructions or
             advice, set forth the sum and substance of the advice allegedly not followed,
             including: the name of the person who gave such instructions or advice; the date,
             time, and place where the advice was give; and the name(s) of the person to whom
             such advice or instructions were given;

        e.   If the defendant claims that the plaintiff failed to give a full or complete medical
             history, set forth the substance of the information that the plaintiff allegedly failed
             to supply;

        f.   If the defendant claims that the aforesaid culpable conduct of the plaintiff caused,
             aggravated, or exacerbated any of the plaintiff's injuries or worsened the plaintiff's
             medical condition in any respect, set forth the injuries that the defendant claims

Case 2:21-cv-02222-GRB-AYS Document 1-1 Filed 04/22/21 Page 43 of 48 PageID #: 47

were caused, worsened, or the conditions harmed, by the plaintiff's alleged culpable conduct.

2.    As to the affirmative defense of lack of jurisdiction, set forth:

    a.   The time, date, and place where each defendant received notice of this lawsuit;

    b.   The manner in which it is claimed that the service of process actually effected was defective;

    c.   Set forth the complete professional address maintained by each such defendant;

    d.   Set forth the complete residence address of each such defendant;

    e.   Set forth the complete mailing address of each such defendant;

    f.   If each such defendant claims that he/she was not served with process in any form whatsoever, set forth a statement describing how each such defendant obtained notice of this lawsuit.

3.    As to the Affirmative Defense of collateral source reimbursement, set forth an itemized statement of all expenses and damages, including future damages, that the defendant(s) contend have been or will be paid by any collateral source(s), including the name and address of each such third-party payor.

4.    As to Defendant's Affirmative Defense that the "complaint fails to state of cause of action", set forth in what respects it is claimed that plaintiffs' complaint fails to state a claim upon which relief can be granted.

5.    As to Defendant's Affirmative Defense that "plaintiffs' claims are barred by the doctrine of laches", set forth the last date the defendant contends plaintiffs could have timely commenced suit, and what the alleged laches consisted of.

6.    As to Defendant's Affirmative Defense that "any damages sustained by plaintiffs are the result of actions or inactions of persons for whose conduct the defendant is not legally responsible" set forth the dates, times and place that any and all other persons for whom

this Defendant was not responsible are alleged to have caused plaintiff's injuries, and the full names and addresses of each such person.

7. As to Defendant's Affirmative Defense of "any recovery by plaintiff should be reduced by any compensation, reimbursement or indemnification plaintiffs have received from other sources" set forth the names, address and a general statement of any compensation, reimbursement or indemnification received by plaintiffs.

8. As to Defendant's Affirmative Defense or general alleged defense of Article 16 and/or an exception to joint and several liability, set forth with specificity the basis for such exception to the common law rule of joint and several liability and the applicability of Article 16.

9. To the extent defendant has raised the Affirmative Defense of plaintiff's failure to utilize a seat belt, state with specificity:

    a. The facts known to the defendant upon which defense is alleged;

    b. The persons and/or witnesses providing a factual basis for said defense;

    c. Identify the documents, medical or otherwise, providing a factual basis for said defense.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this Demand for a Verified Bill of Particulars as to your affirmative defenses within the proper time, a motion will be made for an Order precluding you from offering any evidence on the affirmative defenses alleged in your Answer.

Dated:      Ronkonkoma, New York
            March 22, 2021

                        Yours, etc.,

                        *Glenn Auletta*

**Glenn Auletta, Esq.**
**Gruenberg Kelly Della**

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 45 of 48 PageID #: 49

Attorneys for Plaintiff(s)
700 Koehler Avenue
Ronkonkoma, NY 11779
631-737-4110

TO:    Goldberg Segalla, LLP
200 Garden City Plaza
Suite 520
Garden City, NY 11530

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------X

CHRIS BALABOUS,                                    Index No.: 601997/2021

                          Plaintiff(s),

        -against-                               **DEMAND FOR EXPERT
                                                   INFORMATION**

LOWE'S HOME CENTERS, LLC,

                          Defendant(s).

------------------------------------------------------------------X

COUNSELORS:

      **PLEASE TAKE NOTICE,** that demand is hereby made that the defendant herein,

pursuant to CPLR 3101(d)(1)(i), provide the following information:

1.     The name(s) of each person(s) expected to be called upon to testify as an expert witnesses
       at the trial of this matter;

2.     The qualifications of each such person expected to testify as an expert witness;

3.     The subject matter, in reasonable detail, upon which each such person is expected to testify
       as an expert witness;

4.     The facts and opinions upon which each such expert witness is expected to testify; and,

5.     A summary of the grounds of each such opinion.

      **PLEASE TAKE FURTHER NOTICE**, that if defendant has no information with respect

to a particular demand, a statement to that effect, in writing, is required.

      **PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR §3101(h) and the case law

relating thereto, this demand is continuing and requires updating of all prior disclosures and

demands, and in the event defendant(s) attempts to introduce, at the time of trial, any information

requested herein without having timely heretofore provided same to plaintiff(s)'s counsel,

10

Case 2:21-cv-02222-GRB-AYS   Document 1-1   Filed 04/22/21   Page 47 of 48 PageID #: 51

plaintiff(s) will object to the use thereof on the grounds of surprise.

Dated:        Ronkonkoma, New York
              March 22, 2021

                              Yours, etc.,


                              **Glenn Auletta, Esq.**
                              **Gruenberg Kelly Della**
                              Attorneys for Plaintiff(s)
                              700 Koehler Avenue
                              Ronkonkoma, NY 11779
                              631-737-4110


TO:     Goldberg Segalla, LLP
        200 Garden City Plaza
        Suite 520
        Garden City, NY 11530

11

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK

SS.:

COUNTY OF SUFFOLK

Amanda Bonkoski, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age, and reside at 105 Rollstone Avenue, West Sayville, NY 11796.

On March 22, 2021, I served a true copy of the annexed COMBINED DEMANDS by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Goldberg Segalla, LLP
Attorney for Defendant(s)
LOWE'S HOME CENTERS, LLC
200 Garden City Plaza
Suite 520
Garden City, NY 11530
(516) 281-9800

Amanda Bonkoski

Sworn to before me March 22, 2021

Notary Public

FRANCES IVETTE JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JO6412249
Qualified in SUFFOLK County
Commission Expires 12/21/2024