FILED
CLERK
9/29/2022 3:13 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRIS BALABOUS,

      Plaintiff,

- against –

LOWE'S HOME CENTERS, LLC,

      Defendant.
----------------------------------------------------------X

MEMORANDUM & ORDER

21-CV-2222 (GRB)(AYS)

**GARY R. BROWN, United States District Judge**:

On May 15, 2020, plaintiff Chris Balabous injured himself when he tripped over a cart operated by another customer while shopping at Lowe's Home Centers, LLC ("Lowe's" or "defendant"). Plaintiff's sole claim of negligence against Lowe's rests on the contention that the defendant's shopping carts perfectly matched the flooring, creating a kind of optical illusion. Both the undisputed facts and a surveillance videotape of the incident undermine this claim demonstrating both that the carts had yellow corners and the accident is attributable only to defendant's inattention. Presently before the Court is defendant's motion for summary judgment. For the following reasons, that motion is GRANTED.

**Factual Background**

Pursuant to Defendant's 56.1 Statement, which is, with one exception noted below, uncontested, the relevant facts are as follows.[1] Plaintiff alleges that he sustained personal injuries on May 15, 2020 when he tripped and fell while shopping in the garden center at Lowe's. DE 16-

---

[1] Plaintiff failed to appropriately respond to defendant's 56.1 Statement. DE 19. The Court, in an Electronic Order, informed plaintiff of his error and directed him to refile his Rule 56.1 Response in compliance with Local Civil Rule 56.1 and this Court's Induvial Rule II.g.1. Electronic Order dated July 1, 2022. That Order also noted the consequences for failure to comply, namely each numbered paragraph "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph." *Id.* (quoting Local Rule 56.1). Plaintiff failed to comply with this Order, and further, in the arguments on the motion conceded that all the statements in defendant's 56.1 were "true." DE 22, at 6.

1

1, at ¶ 2.  Plaintiff was at the Lowe's to exchange two empty propane tanks and purchase a plastic bucket.  *Id.* at ¶ 12.  Plaintiff, after returning the propane tanks, inquired of a cashier where the buckets were located.  *Id.* at ¶¶ 19-21.  To retrieve the bucket plaintiff had to walk around a shopping cart at the next register.  *Id.* at ¶ 28.  Plaintiff testified that he noticed the cart.  *Id.* at ¶¶ 30, 32.  After retrieving the bucket, plaintiff walked back toward the cashier he originally spoke with, requiring him to again pass the register with the cart.  *Id.* at ¶ 33.  Plaintiff was not looking at the ground as he walked, and he held the bucket in such a manner as to obstruct his view of the ground.  *Id.* at ¶¶ 40, 41.  As plaintiff passed the cart his left leg contacted the front right corner of the cart causing him to fall.  *Id.* at ¶¶ 34-35.  When asked what caused him to fall in his deposition, plaintiff replied that "I looked at the [other customer] and she appeared to be pulling the cart back and at that point, my left leg caught the tip – the edge of the cart and then in an effort not to fall I lifted my leg up and it landed on the cart itself."  *Id.* at ¶ 35.  The lower platform of the cart is a different shade of gray than the concrete floor in the garden center at Lowe's.[2]  *Id.* at ¶ 65.  Finally, the front corner, where Plaintiff's foot made the initial contact, contained an L-shaped yellow bumper.  *Id.* at ¶ 69.

      The video evidence removes any doubt about the sequence of events.  The evidence shows plaintiff, on his way to retrieve his desired item acknowledge and walk around another customer's cart.  Timestamp 6:00-6:03.  After retrieving the item, plaintiff walked back toward the registers looking up rather than at the ground.  Timestamp 6:08-6:10.  Based on his failure to look where he was going, plaintiff's left foot strikes the front right corner of that same cart he previously avoided.  Timestamp 6:09.  That corner was distinguished with a yellow bumper.  *Id.*  Plaintiff's

---

[2] Plaintiff's complaint only alleges that Lowe's created an unsafe and hazardous condition without specifying what that condition was, DE 1-1, but at the pre-motion conference plaintiff noted that the cart "blurred into the floor" or created an "optical illusion" and Lowe's did "nothing to demarcate it."  DE 22, at 8.

2

counsel further conceded, at the pre-motion hearing, that though he did not recall the video, if the cart "at the front, at the tip [was yellow], which would be reasonable and prudent, and if it existed, would defeat my argument and prompt a loss." DE 22, at 10-11.

**Procedural History**

This action was commenced via a single count negligence complaint filed in the Suffolk County Supreme Court, which defendant timely removed on April 22, 2021. DE 1. Following the completion of discovery, *see* Electronic Order dated March 18, 2022, defendant moved, on May 10, 2022, for a pre-motion conference to argue its anticipated motion for summary judgment. DE 16. In the scheduling order and at the pre-motion conference the Court reminded the parties that the pre-motion letters, along with the arguments made at the conference, may be construed as the motion itself. Electronic Order dated May 13, 2022; DE 22, at 2. The Court heard the parties' arguments on July 5, 2022 and requested the video evidence and letters from the parties supplementing their positions. DE 22, at 12, 14. Defendant filed the video and supplemental argument on August 26, 2022, and plaintiff replied approximately a week later, on September 1, 2022. DE 24, 25.

**DISCUSSION**

*Summary Judgment Standard*

The motion for summary judgment is decided under the oft-repeated and well-understood standard of review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

*Analysis*

Because this matter is before this Court under diversity jurisdiction, the applicable law is that of the relevant state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under New York tort law, whether a dangerous or defective condition exists so as to create liability in negligence 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury.'" *Czochanski v. Tishman Speyer Properties, Ltd.*, 45 F. App'x 45, 46 (2d Cir. 2002) (quoting *Trincere v. County of Suffolk*, 688 N.E.2d 489, 490 (1997)). "However, a defendant in a premises liability action can establish 'its entitlement to judgment as a matter of law by demonstrating that the [alleged dangerous condition] was open and obvious and not inherently dangerous.'" *Rodriguez v. Brit. Airways PLC*, No. 17-CV-03691 (BMC), 2017 WL 6372733, at *4 (E.D.N.Y. Dec. 12, 2017) (citing *Maraia v. Church of Our Lady of Mount Carmel*, 828 N.Y.S.2d 525, 526 (2nd Dep't 2007)). "A condition is open and obvious if it 'could have been or should have been appreciated by the user or [if it] can be recognized as a matter of common sense.'" *Id.* at *5 (quoting *Stephen v. Sico Inc.*, 654 N.Y.S.2d 449, 451 (3rd Dep't 1997)). "[U]nder New York law, whether a plaintiff observed a condition prior to tripping over it is immaterial to the question of whether the condition was open and obvious." *Glassberg v. Staples the Office Superstore E., Inc.*, No. 08-CV-2132, 2010 WL 3924682, at *5 (E.D.N.Y. Sept. 13, 2010), *adopted by*, 2010 WL 3909206 (E.D.N.Y. Sept. 29, 2010).

The undisputed facts compel the conclusion that the alleged hazardous condition was open and obvious. Careful scrutiny of the video and photographs depicting the cart at the time of the incident, supports the determination that the plaintiff tripped on a corner of the cart demarcated by a yellow bumper. *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007) ( "Incontrovertible evidence relied on by the moving party, such as a relevant videotape whose accuracy is

4

unchallenged, should be credited by the court on such a motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party"); *Scott v. Harris*, 550 U.S. 372, 380-82 (2007). There is no question that plaintiff failed to observe the yellow bumper, nor is there any question as to its presence. On reply, plaintiff argues now that more of the cart should have been yellow. DE 25. Yet the plaintiff tripped over the yellow corner, rendering any dispute as to other portions of the cart entirely immaterial. Additionally, plaintiff's failure to observe the cart could not have been remedied by additional yellow painting. Therefore, because the condition was open and obvious, defendant owed plaintiff no duty.[3]

**CONCLUSION**

Based on the foregoing, defendant's motion for summary judgment, DE 16, is GRANTED. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

---

[3] In addition, there is no evidence that any other customer or employee had ever tripped on a cart at Lowe's before this incident. DE 16-1, at ¶ 77. This issue raises notice concerns that may be a separate reason to dismiss this case. *See Gervis v. Target Corp.*, No. CV 16-380 (GRB), 2017 WL 3669009, at *3 (E.D.N.Y. July 20, 2017); *see also Gordon v. Am. Museum of Nat. History*, 492 N.E.2d 774, 774 (1986).

5